IN THE COURT OF CRIMINAL
APPEALS

                                   OF TEXAS

 

                                                                              

                                                                NO.
AP-75,207



 

 

                              EX
PARTE JOSÉ ERNESTO MEDELLÍN, Applicant

 

                                                                              



                          ON
APPLICATION FOR A WRIT OF HABEAS CORPUS

                        CAUSE NO.
675430 FROM THE 339TH DISTRICT COURT

                                                          OF
HARRIS COUNTY



 

Price, J., filed a concurring
opinion.

 

                                                      CONCURRING
OPINION

 

I agree with the
majority=s analysis and
rationale, and, therefore, join the majority. 
Nevertheless, I write separately to advise law enforcement of this State
to honor the provisions of Article 36 of the Vienna Convention and apprise
foreign nationals of their rights under the treaty.








A key issue,
however, is the question of whether Article 36 of the Vienna Convention even
confers individual rights upon detained foreign nationals.  I believe it does.  Pertinent language of the treaty states Aif [the detained
foreign national] so requests, the competent authorities of the receiving State
shall, without delay, inform the consular post . . . .@[1]  Since a foreign national may request that the
consular official be notified, it is quite logical to conclude that it is the
foreign national=s personal decision to make whether the
consulate is or is not notified.  This
decision is not left to public or diplomatic officials; rather, the detainee is
to decide.  Furthermore, the treaty
explicitly directs a consular officer to desist in aiding a detained national
if that is the national=s desire.[2]  This language provides additional support for
the position that Article 36 creates individual rights for the signatory-nation=s citizenry.  It is apparent that the power of choice is
left to the foreign national.  Though the
United States Supreme Court has not directly ruled on this issue, a strong
voice on that Court favors the position that individual rights are conferred by
the Vienna Convention.[3]








Article 36 of the
Vienna Convention provides foreign nationals the option to invoke their right
of access and communication with the consular officer.[4]  Without being aware of this option, the vast
majority of nationals arrested will almost certainly fail to invoke this right
and succumb to our procedural default rules. 
Since I agree with the majority=s application of
procedural default to Article 36, I find it all the more imperative for a
foreign national in the custody of law enforcement in this State to be informed
of his treaty rights.  Unless he is
informed of what his rights are under the Vienna Convention, those rights will
be of no use to him.  One must be aware
of these rights before one can properly exercise them.  Not only is it imperative as a practical
matter, Article 36 compels it.[5]


So long as the
United States recognizes the Vienna Convention on Consular Relations, this
State and all law enforcement that fall within its boundaries are required to
faithfully comply with the Convention=s agreed-upon
provisions.[6]  The fact that this State borders a foreign
nation only amplifies the need for authorities to be well-versed in the
language of Article 36.  I believe this
does not create an undue burden on law enforcement, but brings to light an
obligation that must be fulfilled in the same manner we all hope is
reciprocated by other nations whose detained nationals might be United States
citizens.  With these additional
comments, I respectfully join the majority.

Filed     November 15, 2006

Publish











[1]

 Vienna Convention on Consular
Relations and Optional Protocol on Disputes (AVienna
Convention@) art.
36(1)(b), done April 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.





[2]

 Id. at art. 36(1)(c).





[3]

 See Sanchez-Llamas v.
Oregon, 126 S. Ct. 2669, 2688 (2006) (Ginsberg, J., concurring) (agreeing with
the dissent of Justice Breyer, Justice Stevens and Justice Souter that the
Vienna Convention Agrants
rights that may be invoked by an individual in a judicial proceeding@). 
Since the Court decided the case on procedural default grounds, the
majority in Sanchez-Llamas assumed, without deciding, that the treaty
grants individual rights.  Id. at
2674.





[4]

 Vienna Convention art. 36(1), supra
fn. 1.





[5]

 See Vienna Convention art.
36(1)(b), supra fn. 1 (AThe
said authorities shall inform the person concerned without delay of his rights
under this sub-paragraph[.]@).





[6]

 U.S.
Const. art. VI, cl. 2.